IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DON W. McKINNEY,** | ) |
| Petitioner, | ) Case No. 7:22CV00424 |
| v. | ) **OPINION** |
| **CIRCUIT COURT OF WISE,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Don McKinney, Pro Se Petitioner.*

Don W. McKinney, proceeding pro se, has filed a letter claiming that the Wise County, Virginia, Circuit Court violated his constitutional rights during a trial in 1994, at which McKinney was found not guilty by reason of insanity, and asking this court to provide relief. His letter has been construed as a Petition for a Writ of Habeas Corpus pursuant to § 28 U.S.C. 2254.

McKinney has previously filed habeas challenges in this court regarding the same case on the same grounds. He has filed so many prior frivolous actions that on January 7, 2019, I entered a Pre-Filing Injunction, prohibiting McKinney from proceeding without prepayment of filing fees or costs, in any action involving claims that he has previously asserted that were dismissed, for a period of four years from that date. *McKinney v. Virginia*, No. 2:18CV00051 (W.D. Va. Jan. 7, 2019). In that

order, I also directed McKinney to submit a copy of the Pre-Filing Injunction with any new action he submits for filing in this court.

The present letter-motion seeking relief is a violation of the court's prior order. McKinney did not include any filing fee with the submission, nor did he include a copy of the Pre-Filing Injunction.

McKinney has challenged the constitutionality of the proceedings in which he was found not guilty by reason of insanity in at least the following cases: *McKinney v. Circuit Court, Wise, Va.,* Nos. 7:94CV00721, 7:94CV00722; *McKinney v. Earls,* No. 7:97CV00400; *McKinney v. Wise County Circuit Court,* No. 7:97CV00518; *McKinney v. Mears*, No. 7:97CV00675; *McKinney v. Virginia*, No. 7:97CV00704; *McKinney v. Deans*, No. 7:00CV00024; and *McKinney v. Department of Mental Health*, No. 7:01CV00258. Each of those matters was dismissed without prejudice, usually for failing to exhaust state court remedies. The court also dismissed a habeas petition as untimely. *McKinney v. Virginia*, No. 7:98CV00539. Still, McKinney continued to file more challenges to the constitutionality of the proceedings in 1994, finally leading the court to enter the Pre-Filing Injunction referenced previously.

Not only does McKinney's current claim violate the Pre-Filing injunction, but the claim is untimely filed and is a second or subsequent petition. Under 28 U.S.C. § 2244(d)(1)(A), a petition challenging the constitutionality of a state court criminal action must be filed within one year after the judgment becomes final. McKinney

did not appeal his 1994 proceedings,[1] so it is safe to say that the time for challenging the constitutionality of actions happening during that trial expired.

Under 28 U.S.C. § 2244(b)(l), a federal court must dismiss a second or subsequent petition that raises a claim already raised in a previously dismissed petition. Under limited circumstances, a successive petition may be filed if it raises a new claim and meets other conditions, but the petitioner must first file a motion in the court of appeals for authorization to file the successive petition in the district court. § 2244(b)(2), (3). McKinney has not done this.

For the reasons stated above, McKinney's petition, once again challenging the constitutionality of the 1994 proceedings in Virginia, will be dismissed as untimely, successive, and filed in violation of this court's prior injunction.

Because of his repeated abuses of the court's processes, McKinney will also be permanently enjoined from filing any motion, letter, or action in this court regarding his 1994 case unless the United States Court of Appeals for the Fourth Circuit authorizes the filing in advance, and the Clerk is directed to return any future pleadings or correspondence regarding the 1994 proceedings to McKinney unless he has obtained the required prior authorization from the court of appeals.

---

[1] It appears from information online that McKinney did file appeals in 2012 and 2013 challenging state court orders that denied his request for unconditional release and to withdraw his plea of not guilty by reason of insanity, which were denied.

A certificate of appealability will be denied because McKinney has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural rulings to be debatable or wrong.

A separate order as to the injunction will be entered, along with a final judgment in the present matter.

DATED:   November 14, 2022

/s/  JAMES P. JONES
Senior United States District Judge